UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MEADOWLAKE CORPORATION, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OHIO ENVIRONMENTAL PROTECTION ) <br> AGENCY, ) <br> ) <br> ) <br> Defendant. ) | Case No. 5:09-cv-2914 <br><br> JUDGE DAVID D. DOWD, Jr. <br><br> Magistrate Judge George J. Limbert <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiffs Meadowlake Corporation and Meadowlake Ltd. (collectively "Plaintiffs") have filed claims alleging that the Defendant Ohio Environmental Protection Agency ("Ohio EPA") denied them procedural due process and imposed unconstitutionally excessive fines in violation of the Fifth, Eighth, and the Fourteenth Amendments to the United States Constitution. ECF Dkt. #1.

The matter is currently before this Court on Ohio EPA's Motion to Dismiss pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF Dkt. #4. The case has been referred to the undersigned for general pretrial supervision. ECF Dkt. #3. For the following reasons, the undersigned recommends that the Court grant Defendant's motion and dismiss the instant case in its entirety with prejudice due to a lack of subject matter jurisdiction and, in the alternative, for a lack of merit:

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Court will view the facts in the complaint in the light most favorable to Plaintiffs, and Plaintiffs will have the burden of establishing by a preponderance of the evidence that the Court has jurisdiction to entertain their claims. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476

(6th Cir. 2007); *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990), *discussed infra* §II(A).  Plaintiffs allege the following facts in their complaint which the Court will accept as true for the purposes of this motion:

Plaintiff Meadowlake Ltd. ("Meadowlake Ltd.") operates Meadowlake Golf & Swim ("Golf & Swim"), located in Canton, Ohio.  ECF Dkt. #1 at ¶ 1.  Plaintiff Meadowlake Corporation ("Meadowlake Corp.") owns the property where Golf & Swim is located.  *Id.* at ¶ 2.  Golf & Swim obtains water service through two separate wells located on the property.  *Id.* at ¶ 8.  One of the wells distributes hard water solely for irrigation purposes.  *Id.* at ¶ 9.  Whereas, the other well supplies soft water to the Golf & Swim club.  *Id.*

On April 28, 1995, Ohio EPA requested a copy of Meadowlake's[1] well log, however, since the well existed before logs were required, the Ohio EPA indicated that it would accept an affidavit from the well driller to satisfy its request.  ECF Dkt. #1 at ¶ 10-11.  In August of 1999, before Meadowlake obtained the affidavit, Ohio EPA reclassified Golf & Swim's soft water well from "ground water" to "ground water under the influence of surface water."  ECF Dkt. #1 at ¶ 12 & 14.  By reclassifying the soft water well, Ohio EPA imposed more sampling and reporting requirements of the water.  ECF Dkt. #1 at ¶ 16.  Defendant contends that Meadowlake had the option to appeal the redesignation, but chose not to, despite an Ohio EPA operating statute, Ohio Revised Code 3745, which provides for an administrative adjudication hearing before the Ohio EPA and an appeal as of right to a state court of appeals for actions of the Ohio EPA Director.  ECF Dkt. #4 at 3-4.

In May 2002, the Director of the Ohio EPA issued unilateral findings and orders regarding Golf & Swim's violations.  ECF Dkt. #1 at ¶ 26.  These violations included: failure to abandon or update the well; failure to construct or install an approved water filtration system; failure to meet water designation requirements; failure to prepare and maintain a written sample

---

[1] Although the complaint alleges Meadowlake Ltd. owns and operates Golf & Swim and Meadowlake Corp. owns the property where Golf & Swim is located, the complaint does not in some instances distinguish which entity is acting.  The undersigned tracked the language and on occasion generally refers to Meadowlake as the complaint does.

siting plan; failure to issue public notices; and failure to operate a public water system without a license.  ECF Dkt. #1 at ¶ 18 & 25; ECF Dkt. #4, Attach 2 at ¶ 14.  Golf & Swim appealed the Director's findings and orders, ultimately however, the Director revoked the order, and Golf & Swim dismissed their appeal.  ECF Dkt. #1 at ¶ 27 & 28.

Eventually, on May 19, 2004, the Ohio Attorney General's Office filed a complaint in the Stark County Common Pleas Court on behalf of Ohio EPA against Meadowlake Ltd. and/or Meadowlake Corp. alleging numerous violations of the Ohio Revised Code and accompanying regulations, including failing to maintain a public water license, failing to adequately sample the water, and failing to post notice to the public regarding the violations.  ECF Dkt. #1 at ¶ 30; ECF Dkt. #4, Attach 2 at ¶ 14.  On May 30, 2006, a trial ensued.  *Id.* at ¶ 31.  On August 4, 2006, the Stark County Common Pleas Court entered judgment in favor of the Ohio Attorney General and against Meadowlake Ltd. and/or Meadowlake Corp. in the amount of $300,000.  *Id.* at ¶ 32.

On December 5, 2006, the Ohio Court of Appeals, Fifth Appellate District overruled each of Plaintiff's assignments of error and affirmed the trial court's judgment.  *State of Ohio, ex rel. Dann v. Meadowlake Corp., et al.*, No. 2006CA00252, 2007 Ohio App. LEXIS 5949 (Ohio App. 5th Dist. Dec. 17, 2007), unreported.  Plaintiffs filed an appeal in the Supreme Court of Ohio, but the Supreme Court of Ohio rejected the discretionary appeal.  *State of Ohio, ex rel. Dann v. Meadowlake Corp., et al.*, 118 Ohio St. 3d 1409, 886 N.E.2d 872 (Ohio 2008).  The United States Supreme Court also denied certiorari.  *Meadowlake Corp., et al. v. Ohio Ex rel. Nancy H. Rogers*, 129 S. Ct. 899 (2009).

On December 16, 2009, Plaintiffs filed the instant complaint in this Court.  ECF Dkt. #1. On February 22, 2010, Defendant filed a Motion to Dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  ECF Dkt. #4.  Plaintiffs have not filed a response to Defendant's motion.

## II. LAW AND ANALYSIS

Defendant presents four arguments in support of its motion to dismiss: (1) pursuant to the Eleventh Amendment to the United States Constitution, this Court lacks jurisdiction; (2) the *Rooker-Feldman* Doctrine bars the case from being heard in a federal district court and bars

-3-

jurisdiction; (3) even if jurisdiction is established, res judicata bars the case because a final judgment on the merits has already been rendered; and (4) Plaintiffs have failed to state a cause of action against the state.  Defendant's first two arguments contend that the complaint fails to establish subject matter jurisdiction.  Therefore, these arguments are reviewed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)").  Defendant's third and fourth assertions allege that the complaint fails to state a claim upon which relief can be granted.  The Court reviews these assertions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

### A. Rule 12(b)(1) - Subject Matter Jurisdiction

Plaintiffs have failed to establish that this Court has the requisite jurisdiction to hear the case.  Under Federal Rules of Civil Procedure 12(b)(1), when a party challenges the subject matter jurisdiction of a federal court under Rule 12(b)(1), the party asserting jurisdiction bears the burden of affirmatively establishing jurisdiction.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  Rule 12(b)(1) motions take the form of either a factual attack or a facial attack.  *Ohio Nat. Life*, 922 F.2d at 325.  A facial attack on the subject matter jurisdiction of a case takes into account only the sufficiency of the pleadings.  *Id.*  In reviewing a facial attack, a trial court takes the allegations in the complaint as true, in a manner similar to review of a 12(b)(6) motion to dismiss.  *Id.*  On the other hand, when a court reviews a complaint under a factual attack, there is no presumptive truthfulness given to the factual allegations, and everything, not just the complaint, can be used.  *Id.*  In other words, the court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists.  *DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004).  Courts have held that assertions of Eleventh Amendment sovereign immunity are factual attacks.  *See Dunn v. Spivey,* 2009 WL 1322600 *3 (M.D.Tenn., May 11, 2009), slip op.; *Oshop v. Tennessee Dept. of Children's Services*, 2009 WL 1651479 *2-3 (M.D.Tenn., June 10, 2009), slip op.; *Giorgadze v. Tennessee Technology Center*, F.Supp.2d, 2007 WL 2327034 *2-4 (E.D.Tenn., August 10, 2007), unreported.

Since Defendant in this case is asserting Eleventh Amendment sovereign immunity, the type of challenge Defendant describes is the equivalent of a factual challenge.  *Dunn*, 2009 WL

1322600 *3*; *Oshop*, 2009 WL 1651479 *2-3; *Giorgadze*, 2007 WL 2327034 *2-4. However, Defendant does not challenge the facts in the complaint or present extrinsic evidence in connection with Eleventh Amendment immunity, as is generally done in a factual attack. Therefore, the Court will review Defendant's assertions as a factual challenge, but will presume that the facts in the complaint are true.

### i. Eleventh Amendment

Defendant first argues that Plaintiffs have failed to meet their burden of establishing jurisdiction because the Eleventh Amendment bars claims against the state or any such entity thereof. ECF Dkt. #4 at 7-8.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The United States Supreme Court has interpreted the Eleventh Amendment to shield each state from suits brought by individuals in federal court. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Therefore, an individual may not file suit against a state in a federal court absent that state's consent. *Id.* The United States Supreme Court has extended the Eleventh Amendment to apply to state agencies and departments, regardless of the nature of relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

In this case, the government entity at issue is the Ohio EPA, which qualifies as a "state agency" for Eleventh Amendment purposes. Section 117.01(F) of the Ohio Revised Code defines a state agency as "every organized body, office, agency, institution, or other entity established by the laws of the State for the exercise of any function of State government." Ohio Riv. Code §117.01(F) (2008). Therefore, the Ohio EPA qualifies as a State agency immune from suit under the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 100. Since the Ohio EPA qualifies as an Ohio state agency, the undersigned recommends that the Court find that Defendant is a state agency protected by sovereign immunity in the instant case.

Congress may remove the immunity granted to a state by the Eleventh Amendment if (1) "unequivocally expressed its intent to abrogate the immunity;" (2) Congress acted "pursuant to a valid exercise of power." *Seminole Tribe of Florida*, 517 U.S. at 55; *quoting Green v. Mansour*, 474 U.S. 64, 68 (1985).  However, Plaintiffs' complaint does not allege that either of these factors have been met, and Plaintiffs have not filed a response to the instant motion.  ECF Dkt. #1.  Further, Defendant has invoked its immunity by filing the instant motion to dismiss.  ECF Dkt. #4.

Finally, the undersigned notes that Plaintiffs seek retrospective damages and injunctive relief from a state agency, not a state official.  Plaintiffs sought retrospective damages in the form of the fine of $300,000 and an injunction due to the fines impact on the business.  ECF Dkt. #1 ¶ 42, 46, 50, 55, 57, & 58.  The Eleventh Amendment allows suits only for prospective injunctive relief against individual state officials who violate federal law.  *Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *citing Ex parte Young*, 209 U.S. 123 (1908).  Therefore, federal courts cannot award retrospective relief if the state invokes immunity.  *Edelman v. Jordan*, 415 U.S. 651, 668 (1974).  Consequently, this Court has no jurisdiction to award the relief that Plaintiffs request because retrospective damages and an injunction is sought, and because Defendant is a state agency not a state actor or person.  The undersigned recommends that the Court dismiss this case on this basis with prejudice accordingly.

### ii. *Rooker-Feldman* Doctrine

Next, Defendant contends that this Court lacks subject matter jurisdiction because the *Rooker-Feldman* doctrine bars federal district courts from hearing appeals from final state court judgments.  ECF Dkt. #4 at 9-10.

The *Rooker-Feldman* doctrine came into existence when the plaintiffs in each case brought suit in federal court seeking to have a state court judgment voided.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Feldman Trust Co.*, 263 U.S. 413, 414 (1923).  The United States Supreme Court held in each case that the federal district courts were without jurisdiction to review final judgments from a State's highest court, and only the United States Supreme Court can review such a judgment.  *Feldman*, 460 U.S. at 475; *Rooker*,

263 U.S. at 416. The Court has limited the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005).

The injuries Plaintiffs complain of here are a denial of procedural due process, and excessive fines granted to Defendant by the Stark County Court of Common Pleas. ECF Dkt. #1 at ¶ 32. In order for this Court to grant the relief that Plaintiffs seek, it would have to review and reject state court rulings, after considering the same facts as those considered by the state courts. Therefore, even if Plaintiffs do not explicitly seek to appeal the state court rulings, a review by this Court would be the functional equivalent of an appeal of those rulings, which is barred by *Rooker-Feldman*. Additionally, it is clear that the complaint should be dismissed with prejudice because the United States Supreme Court has already denied certiorari in this case and Plaintiffs cannot again seek further review. Accordingly, the undersigned also recommends that the Court find that it lacks jurisdiction to hear this case on this basis and dismiss the case with prejudice.

### B. Rule 12(b)(6) - Failure to State a Claim

In evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and draw reasonable inferences in his favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, this Court should not accept conclusions of law or unwarranted inferences which are presented in the form of factual allegations. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must contain the grounds which entitle the plaintiff to relief, which requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

However, should the court find that Plaintiffs have established subject matter jurisdiction, the undersigned recommends that the Court grant Defendant's Rule 12(b)(6) motion and dismiss the instant complaint because res judicata bars Plaintiffs' claims. Further, the undersigned recommends that the Court find that the United States Constitution alone does not provide Plaintiffs a private cause of action to support claims against the State of Ohio.

### i.     Res Judicata

Defendant contends that dismissal is appropriate in the instant case because Plaintiffs' claims are barred by the doctrine of res judicata. ECF Dkt. #4 at 10-13. The undersigned agrees with Defendant because Plaintiffs had the chance to raise the instant claims when they had the opportunity to file an appeal with the Ohio EPA regarding the redesignation, but they failed to do

so. In addition, Plaintiffs' claims are further barred because the Ohio Court of Appeals rendered a final judgment on the merits of Plaintiffs' Eighth Amendment and procedural due process claims. ECF Dkt. #4, Attach 2.

Federal courts must give a state court judgment the same preclusive effect it would give to the courts in the same jurisdiction. *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). Therefore, Ohio law must be analyzed[2]. For res judicata to apply under Ohio law, the following elements must be present:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

---

[2]     In a recent case, the undersigned applied the federal res judicata standard to a complaint raising federal claims following a state court adjudication of state-law claims. *See Doe v. Jackson Local Schools School Dist.*, __ F.Supp.2d __, 2010 WL 582656 (N.D.Ohio, Feb. 11, 2010), slip op. The undersigned did so because both parties cited federal precedent applying federal res judicata standards. *See* Case No. 5:09CV1647, ECF Dkt. #14 at 5 citing *Bragg v. Flint Bd. Of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009), #20 at 10 citing *Bragg*, 570 F.3d at 777. Regardless, "[t]he Ohio and federal tests for res judicata are virtually identical." *Fair Housing Opportunities of Northwest Ohio, Inc. v. American*, No. 3:06 CV 1329, 2008 WL 2433775 at n. 1 (N.D. Ohio, June 12, 2008).

The first prong of the *Hapgood* test is satisfied in the instant case because Plaintiffs had an opportunity to appeal the redesignation and did not do so. ECF Dkt. #1 at ¶ 27; ECF Dkt. #4 at 3-4. Section 3745.04(B) of the Ohio Revised Code provides:

> Any person who was a party to a proceeding before the director of environmental protection may participate in an appeal to the environmental review appeals commission for an order vacating or modifying the action of the director or a local board of health, or ordering the director or board of health to perform an act. The environmental review appeals commission has exclusive original jurisdiction over any matter that may, under this section, be brought before it.

Ohio Riv. Code §3745.04(B) (2003). Since, Plaintiffs had the opportunity to appeal the redesignation, but chose not to do so, the administrative decision became a final decision on the merits of the redesignation. Further, Plaintiffs' claims of procedural due process and Eighth Amendment violations relating to penalties imposed as a result of failing to comply with the rules and regulations regarding the designation were rejected by the Ohio Court of Appeals. The Ohio Supreme Court and the United States Supreme Court declined review of this decision. The Ohio Court of Appeals therefore issued a final valid decision on the merits of Plaintiffs' claims. ECF Dkt. #4, Attach 2.

The second prong of *Hapgood* is satisfied because Plaintiffs here are the same Plaintiffs in the state court suit. *Compare* ECF Dkt. #1 *with* ECF Dkt. #4, Attach 2 & 3. The Ohio Attorney General was a Defendant. ECF Dkt. #4, Attach 2 & 3. The Ohio Attorney General may act for an Ohio department, such as the Ohio EPA, because "the attorney general shall appear for the state in any court or tribunal in a cause in which the state is a party, or in which the state is directly interested." Ohio Riv. Code §109.02 (1995). Therefore, the Ohio Attorney General and Ohio EPA are in privity with each other because the state is directly interested because of the involvement of its agencies, and as such, the Ohio Attorney General may represent the agency. Since privity is established and because Plaintiffs were a party to the underlying state suit, element two is satisfied.

Next, the third prong of the *Hapgood* test is satisfied. Plaintiffs' first opportunity to raise an appeal was the administrative appeal resulting from the redesignation of the well by the Ohio EPA. ECF Dkt. #1 at ¶ 23; ECF Dkt. #4 at 3-4. Because of the lack of administrative appeal and

numerous violations arising from the redesignation, a trial and subsequent judgment ensued in Common Pleas Court resulting in fines being imposed on Plaintiffs. ECF Dkt. #1 at ¶ 32. Plaintiffs further had an opportunity to appeal and a final judgment on the merits regarding their procedural due process and Eighth Amendment violations in the Ohio Court of Appeals was rendered against them. ECF Dkt. #4, Attach 2. Because a final judgment on the merits was rendered, Plaintiffs had sufficient opportunities to appeal, and as a result, claims that should have been raised were not, and element three has been satisfied.

Further, the state and federal courts have concurrent jurisdiction over 42 U.S.C. §1983 claims. *Felder v. Casey*, 487 U.S. 131, 139 (1988). To the extent the instant complaint can be construed as presenting §1983 claims, Plaintiffs had an adequate opportunity to raise their constitutional claims in the state courts when they filed the preceding state court action, but failed to do so. Consequently, those constitutional claims are now barred by res judicata. To the extent the complaint is not construed as presenting §1983 claims, the claims presented lack merit, as discussed in subsection ii, below.

Lastly, the fourth prong of the *Hapgood* test is satisfied. The Ohio Supreme Court has defined "transaction" as used in prong four as a "common nucleus of operative facts." *Hapgood*, 127 F.3d at 493; *citing Grava v. Parkman Township*, 653 N.E.2d 226, 229 (Ohio 1995).

The factual backgrounds from the judgment entry by the Court of Common Pleas to the final complaint filed at the federal district court are factually similar, and thus, based on a common nucleus of operative facts. *Compare* ECF Dkt. #1 *with* ECF Dkt. #4, Attach 3. Like the instant complaint, the state court complaint involved the Plaintiffs disputing Ohio EPA's redesignation of their well as being ground water under the influence of surface water, and the imposition of fines levied due to Plaintiffs' failure to comply with the statutes and regulations regarding maintaining the well as redesigned. ECF Dkt. #4, Attach 3. The facts and claims in both Plaintiffs' complaint filed in state court and those in the current complaint allege similar events regarding the redesignation in August of 1999. *Compare* ECF Dkt. #1 *with* ECF Dkt. #4, Attach 3. Consequently, the current action arises out of the same transaction or occurrence that was the subject matter of the previous state court action: the redesignation of Plaintiff's well.

For the foregoing reasons, the undersigned recommends that the Court find that Plaintiffs claims are barred by res judicata and should be dismissed with prejudice.

### ii. Merits – Cause of Action

Finally, Defendant contends that Plaintiffs' complaint should be dismissed because a constitutional amendment alone does not provide a cause of action for a private citizen. Plaintiffs' argue that Defendant violated its procedural due process and Eighth Amendment rights. However, in order to sue a state for an alleged constitutional violation, Plaintiffs must use 42 U.S.C. §1983 as the vehicle in which to bring such claims because "§1983 is the exclusive remedy of an alleged constitutional violation," and "there can be no direct constitutional violation when §1983 is available as a remedy." *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987). Consequently, Plaintiffs must aver that Defendant violated its constitutional rights pursuant to §1983 in order to sue Ohio EPA for alleged violations of procedural due process and the Eighth Amendment.

Moreover, to the extent that a §1983 claim could be inferred, Plaintiffs only sued a state agency, not a state actor or "person" for purposes of §1983. *Will v. Mich. Department of State Police*, 491 U.S. 58, 65-66 (1989). For these reasons, the undersigned recommends the Court dismiss Plaintiffs' complaint due to lack of merit.

## III. CONCLUSION

For all of these reasons, the undersigned recommends that the Court grant Defendant's motion and dismiss the instant case in its entirety with prejudice due to lack of subject matter jurisdiction and in the alternative for a lack of merit.


Date: May 19, 2010        */s/ George J. Limbert*
                           George J. Limbert
                           U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).